

FILED ___ LODGED
RECEIVED

DEC 18 2002

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| DIRECTV, Inc., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICH MURSCH, JAMES NELSON, DALE NEWBERG, GREGORY PALLESEN, TOM RHEW, B. SARGENT, MATTHEW SCHECTER, DANIEL TIEDY, MARK TOMLINSON, TIM TOZIER, THIEN TRAN, CRAIG VANMETER, DUSTIN WELLMAN, and SKIP WILKINSON,<br><br>Defendants. | No. **C02-5662 FDB**<br><br>**COMPLAINT FOR COMPENSATORY, STATUTORY AND OTHER DAMAGES, AND FOR INJUNCTIVE RELIEF** |



CV 02-5662 #1

Plaintiff DIRECTV, Inc., through its attorneys, alleges as follows:

**INTRODUCTION**

1. Plaintiff DIRECTV is the nation's leading direct broadcast satellite system, delivering over 225 channels of television and other programming to more than 10 million homes and businesses in the United States. DIRECTV's television programming currently includes major cable networks, studio movies and special events programming, as well as a variety of sports and other special interests programming. DIRECTV, a California company, has invested more than $1.25 billion to develop its direct broadcast satellite system.

COMPLAINT FOR COMPENSATORY, STATUTORY
AND OTHER DAMAGES, AND FOR INJUNCTIVE
RELIEF – Page 1

YARMUTH WILSDON CALFO PLLC
3080 WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE WASHINGTON 98101-3000
T 206 516 3800  F 206 516 3888



2. DIRECTV encrypts – electronically scrambles – its satellite transmissions to provide security for and prevent unauthorized viewing of its satellite television programming. DIRECTV offers its television programming to residential and business customers on a subscription and pay-per-view basis only. Each customer is required to obtain a DIRECTV Access Card and other system hardware (including a small satellite dish) and create an account with DIRECTV. Upon activation of the Access Card by DIRECTV, the customer can receive and view in a decrypted format (*i.e.*, unscrambled) those channels to which the customer has subscribed or otherwise made arrangement to purchase from DIRECTV.

3. DIRECTV executed several Writs of Seizure, with the assistance of local law enforcement, including one on or about December 11, 2001, upon USA Card Cleaners and on or about May 23, 2001 upon a mail shipping facility used by several major sources of pirate technologies including Vector Technologies, DSS-Stuff, DSSPro, DSS-Hangout, Whiteviper Technologies Technologies, Meadco, PCEase, Intertek Technologies, Shutt, Inc., and Canadian Security and Technology. During and subsequent to the raids, DIRECTV came into possession of a substantial body of sales records, shipping records, email communications, credit card receipts and other records. Those records evidence defendants' purchases of illegal Pirate Access Devices. In reliance upon those records and other information, and upon information and belief, DIRECTV sets forth the allegations and this complaint.

4. Each defendant is a resident of this District. DIRECTV alleges that defendants have purchased and used illegally modified DIRECTV Access Cards and other devices ("Pirate Access Devices") that are designed to permit viewing of DIRECTV's television programming without authorization by or payment to DIRECTV.

5. Defendants' actions violate the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605; the Electronic Communications Privacy Act ("Federal Wiretap

COMPLAINT FOR COMPENSATORY, STATUTORY
AND OTHER DAMAGES, AND FOR INJUNCTIVE
RELIEF – Page 2

YARMUTH WILSDON CALFO PLLC
3080 WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE WASHINGTON 98101-3000
T 206 516 3800  F 206 516 3888

1 | Laws"), 18 U.S.C. §§ 2510-2521; Theft of Subscription Television Services, RCW
2 | 9A.56.220 to .240; and Washington common law. DIRECTV brings this action to restrain
3 | these illegal activities against it.

## PARTIES

6. Plaintiff DIRECTV, Inc. is a corporation duly incorporated under the laws of the State of California. DIRECTV has significant interests in maintaining and securing the integrity of its satellite transmissions of television programming, and in prohibiting the unauthorized reception and use of the same.

7. Defendant Rich Mursch is a resident of Bonney Lake, Washington. Upon information and belief, beginning in or about April 2001, defendant Mursch purchased one or more Pirate Access Devices from PC Ease. Defendant placed each order by using interstate or foreign wire facilities, and received his orders via the Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transaction:

(a) On or about April 12, 2001, defendant Mursch purchased a Pirate Access Device, consisting of a printed circuit board device with multiple pirating functions called a "Fusion," from PC Ease. The device was shipped to defendant Mursch at his address in Bonney Lake, Washington.

8. Defendant James Nelson is a resident of Tacoma, Washington. Upon information and belief, beginning in or about May 2001, defendant Nelson purchased six or more Pirate Access Devices from Canadian Security and Technology. Defendant placed each order by using interstate or foreign wire facilities, and received his orders via the Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transaction:

(a) On or about May 22, 2001, defendant Nelson purchased six Pirate Access Devices, consisting of five printed circuit board devices called "Unloopers" and a

COMPLAINT FOR COMPENSATORY, STATUTORY
AND OTHER DAMAGES, AND FOR INJUNCTIVE
RELIEF – Page 3

YARMUTH WILSDON CALFO PLLC
3080 WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE WASHINGTON 98101-3000
T 206 516 3800  F 206 516 3888

computer chip called a "SU2 BS Boot Chip," from Canadian Security and Technology. The devices were shipped to defendant Nelson at his address in Tacoma, Washington.

9. Defendant Dale Newberg is a resident of Kalama, Washington. Upon information and belief, beginning in or about April 2001, defendant Newberg purchased one or more Pirate Access Devices from DSS-Stuff. Defendant placed each order by using interstate or foreign wire facilities, and received his orders via the Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transaction:

(a) On or about April 6, 2001, defendant Newberg purchased a Pirate Access Device, consisting of a printed circuit board device called an "Unlooper," from DSS-Stuff. The device was shipped to defendant Newberg at his address in Kalama, Washington.

10. Defendant Gregory Pallesen is a resident of Kelso, Washington. Upon information and belief, beginning in or about April 2001, defendant Pallesen purchased five or more Pirate Access Devices from DSS-Stuff and five or more Pirate Access Devices from Canadian Security and Technology. Defendant placed each order by using interstate or foreign wire facilities, and received his orders via the Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transactions:

(a) On or about April 2, 2001, defendant Pallesen purchased five Pirate Access Devices, consisting of five printed circuit board devices called "Emulators," from DSS-Stuff. The devices were shipped to defendant Pallesen at his address in Kelso, Washington.

(b) On or about April 24, 2001, defendant Pallesen purchased five Pirate Access Devices, consisting of five printed circuit board devices called "Unloopers," from Canadian Security and Technology. The devices were shipped to defendant Pallesen at his address in Kelso, Washington.

COMPLAINT FOR COMPENSATORY, STATUTORY
AND OTHER DAMAGES, AND FOR INJUNCTIVE
RELIEF – Page 4

YARMUTH WILSDON CALFO PLLC
3080 WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE WASHINGTON 98101-3000
T 206 516 3800  F 206 516 3888

11. Defendant Tom Rhew is a resident of Vancouver, Washington. Upon information and belief, beginning in or about May 2001, defendant Rhew purchased three or more Pirate Access Devices from Canadian Security and Technology. Defendant placed each order by using interstate or foreign wire facilities, and received his orders via the Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transaction:

(a) On or about May 24, 2001, defendant Rhew purchased three Pirate Access Devices, consisting of a programmer specifically designed to illegally modify DIRECTV Access Cards and two printed circuit board devices called "Unloopers," from Canadian Security and Technology. The devices were shipped to defendant Rhew at his address in Vancouver, Washington.

12. Defendant B. Sargent is a resident of Ilwaco, Washington. Upon information and belief, beginning in or about March 2001, defendant Sargent purchased one or more Pirate Access Devices from Vector Technologies. Defendant placed each order by using interstate or foreign wire facilities, and received his orders via the Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transaction:

(a) On or about March 5, 2001, defendant Sargent purchased a Pirate Access Device, consisting of a printed circuit board device called an "Emulator," from Vector Technologies. The device was shipped to defendant Sargent at his address in Ilwaco, Washington.

14. Defendant Daniel Tiedy is a resident of Vancouver, Washington. Upon information and belief, beginning in or about May 2001, defendant Tiedy purchased one or more Pirate Access Devices from Vector Technologies. Defendant placed each order by using interstate or foreign wire facilities, and received his orders via the Postal Service or

COMPLAINT FOR COMPENSATORY, STATUTORY
AND OTHER DAMAGES, AND FOR INJUNCTIVE
RELIEF – Page 5

YARMUTH WILSDON CALFO PLLC
3080 WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE WASHINGTON 98101-3000
T 206 516 3800  F 206 516 3888

commercial mail carriers. Specifically, these illegal purchases included the following transaction:

    (a)    On or about May 24, 2001, defendant Tiedy purchased a Pirate Access Device, consisting of a printed circuit board device called an "Emulator," from Vector Technologies. The device was shipped to defendant Tiedy at his address in Vancouver, Washington.

15.    Defendant Tim Tozier is a resident of Spanaway, Washington. Upon information and belief, beginning in or about April 2001, defendant Tozier purchased eleven or more Pirate Access Devices from Intertek Technologies. Defendant placed each order by using interstate or foreign wire facilities, and received his orders via the Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transaction:

    (a)    On or about April 2, 2001, defendant Tozier purchased eleven Pirate Access Devices, consisting of seven printed circuit board device called "Unloopers" and four printed circuit board devices called "Emulators," from Intertek Technologies. The devices were shipped to defendant Tozier at his address in Spanaway, Washington.

16.    Defendant Thien Tran is a resident of Lacey, Washington. Upon information and belief, beginning in or about May 2000, defendant Tran purchased two or more Pirate Access Devices from Whiteviper Technologies. Defendant placed each order by using interstate or foreign wire facilities, and received his orders via the Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transaction:

    (a)    On or about May 30, 2000, defendant Tran purchased two Pirate Access Devices, consisting of a programmer specifically designed to illegally modify DIRECTV Access Cards and a printed circuit board device called an "Unlooper," from

COMPLAINT FOR COMPENSATORY, STATUTORY
AND OTHER DAMAGES, AND FOR INJUNCTIVE
RELIEF – Page 6

YARMUTH WILSDON CALFO PLLC
3080 WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE WASHINGTON 98101-3000
T 206 516 3800 F 206 516 3888

Whiteviper Technologies. The devices were shipped to defendant Tran at his address in Lacey, Washington.

17.     Defendant Craig Vanmeter is a resident of Tacoma, Washington. Upon information and belief, beginning in or about May 2001, defendant Vanmeter purchased four or more Pirate Access Devices from Canadian Security and Technology. Defendant placed each order by using interstate or foreign wire facilities, and received his orders via the Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transaction:

(a)     On or about May 14, 2001, defendant Vanmeter purchased four Pirate Access Devices, consisting of two programmers specifically designed to illegally modify DIRECTV Access Cards and two printed circuit board devices called "Unloopers," from Canadian Security and Technology. The devices were shipped to defendant Vanmeter at his address in Tacoma, Washington.

18.     Defendant Dustin Wellman is a resident of Battle Ground, Washington. Upon information and belief, beginning in or about April 2001, defendant Wellman purchased three or more Pirate Access Devices from Canadian Security and Technology. Defendant placed each order by using interstate or foreign wire facilities, and received his orders via the Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transactions:

(a)     On or about April 11, 2001, defendant Wellman purchased a Pirate Access Device, consisting of a printed circuit board device called an "Emulator," from Canadian Security and Technology. The device was shipped to defendant Wellman at his address in Battle Ground, Washington.

(b)     On or about April 11, 2001, defendant Wellman purchased two Pirate Access Devices, consisting of two printed circuit board devices called "Unloopers," from

COMPLAINT FOR COMPENSATORY, STATUTORY
AND OTHER DAMAGES, AND FOR INJUNCTIVE
RELIEF – Page 7

YARMUTH WILSDON CALFO PLLC
3080 WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE WASHINGTON 98101-3000
T 206 516 3800  F 206 516 3888

1  Canadian Security and Technology. The devices were shipped to defendant Wellman at his
2  address in Battle Ground, Washington.
3      19.    Defendant Skip Wilkinson is a resident of Kelso, Washington. Upon
4  information and belief, beginning in or about May 2001, defendant Wilkinson purchased
5  one or more Pirate Access Devices from Vector Technologies. Defendant placed each
6  order by using interstate or foreign wire facilities, and received his orders via the Postal
7  Service or commercial mail carriers. Specifically, these illegal purchases included the
8  following transaction:
9      (a)    On or about May 9, 2001, defendant Wilkinson purchased a Pirate
10 Access Device, consisting of a printed circuit board device called an "Unlooper," from
11 Vector Technologies. The device was shipped to defendant Wilkinson at his address in
12 Kelso, Washington.

## JURISDICTION AND VENUE

14     20.    This action arises under the Federal Communications Act of 1934, as
15 amended, 47 U.S.C. § 605; the Electronic Communications Privacy Act ("Federal Wiretap
16 Laws"), 18 U.S.C. §§ 2510-2521; Theft of Subscription Television Services, RCW
17 9A.56.220 to .240; and Washington common law.
18     21.    This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338
19 (b), 47 U.S.C. § 605(e)(3)(A) and 18 U.S.C. § 2520(a), and has supplemental jurisdiction
20 pursuant to 28 U.S.C. § 1367(a) over the state law claims asserted herein.
21     22.    Each defendant is a resident of this District. Personal jurisdiction and venue
22 are proper in this District pursuant to 28 U.S.C. § 1391(b).
23 ///
24 ///
25 ///
26

COMPLAINT FOR COMPENSATORY, STATUTORY
AND OTHER DAMAGES, AND FOR INJUNCTIVE
RELIEF – Page 8

YARMUTH WILSDON CALFO PLLC
3080 WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE WASHINGTON 98101-3000
T 206 516 3800  F 206 516 3888

## FIRST CLAIM

## UNAUTHORIZED RECEPTION OF SATELLITE SIGNALS

## IN VIOLATION 47 U.S.C. § 605(a)

23. Plaintiff DIRECTV repeats and realleges the allegations in Paragraphs 1 through 22 as if set forth fully herein.

24. Defendants have received and/or assisted others in receiving DIRECTV's satellite transmissions of television programming without authorization, in violation of 47 U.S.C. § 605(a).

25. Defendants' violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

26. Defendants knew or should have known that receiving and assisting third persons in receiving DIRECTV's satellite transmissions of television programming without authorization by or payment to DIRECTV was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, defendants will continue to violate 47 U.S.C. § 605(a).

## SECOND CLAIM

## UNAUTHORIZED INTERCEPTION OF ELECTRONIC

## COMMUNICATIONS IN VIOLATION OF 18 U.S.C. § 2511(1)(a)

27. Plaintiff DIRECTV repeats and realleges the allegations in Paragraphs 1 through 26 as if set forth fully herein.

28. By using Pirate Access Devices to decrypt and view DIRECTV's satellite transmissions of television programming, defendants intentionally intercepted, endeavored

COMPLAINT FOR COMPENSATORY, STATUTORY AND OTHER DAMAGES, AND FOR INJUNCTIVE RELIEF – Page 9

YARMUTH WILSDON CALFO PLLC
3080 WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE WASHINGTON 98101-3000
T 206 516 3800  F 206 516 3888

to intercept, or procured other persons to intercept or endeavor to intercept, DIRECTV's satellite transmission of television programming, in violation of 18 U.S.C. §2511(1)(a).

29. Defendant's violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

30. Defendants knew or should have known that such interception of DIRECTV's satellite transmissions of television programming was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, defendants will continue to violate 18 U.S.C. § 2511(1)(a).

## THIRD CLAIM
## POSSESSION OF PIRATE ACCESS DEVICES
## IN VIOLATION OF 18 U.S.C. 2512(1)(b)

31. Plaintiff DIRECTV repeats and realleges the allegations in Paragraphs 1 through 30 as if set forth fully herein.

32. Defendants possessed and used Pirate Access Devices, knowing or having reason to know that the design of such devices render them primarily useful for the purpose of surreptitious interception of DIRECTV's satellite transmissions of television programming, and that such devices, or any components thereof, have been or will be sent through the mail or transported in interstate or foreign commerce, in violation of 18 U.S.C. § 2512(1)(b).

33. Defendants' violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable

COMPLAINT FOR COMPENSATORY, STATUTORY
AND OTHER DAMAGES, AND FOR INJUNCTIVE
RELIEF – Page 10

YARMUTH WILSDON CALFO PLLC
3080 WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE WASHINGTON 98101-3000
T 206 516 3800  F 206 516 3888

consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

34. Defendants knew or should have known that possessing Pirate Access Devices was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, defendants will continue to violate 18 U.S.C. § 2512(1)(b).

## FOURTH CLAIM
## THEFT OF SUBSCRIPTION TELEVISION SERVICES
## IN VIOLATION OF RCW 9A.56.220

35. Plaintiff DIRECTV repeats and realleges the allegations in Paragraphs 1 through 34 as if set forth fully herein.

36. Defendants have used Pirate Access Devices to decrypt and view DIRECTV's satellite transmissions of television programming, with intent to avoid payment of the lawful charges therefor, by trick, artifice, deception, use of a device or decoder, and other fraudulent means, without authority from DIRECTV, in violation of RCW 9A.56.220

37. Defendants have possessed Pirate Access Devices, with intent to avoid payment to DIRECTV of the lawful charges for its programming, that are designed in whole or in part to receive subscription television services offered for sale by DIRECTV, without authority of DIRECTV.

38. Defendants' violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing

COMPLAINT FOR COMPENSATORY, STATUTORY AND OTHER DAMAGES, AND FOR INJUNCTIVE RELIEF – Page 11

YARMUTH WILSDON CALFO PLLC
3080 WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE WASHINGTON 98101-3000
T 206 516 3800  F 206 516 3888

DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

39. Defendants knew or should have known that theft of subscription television services was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, defendants will continue to violate RCW 9A.56.220.

## FIFTH CLAIM

## CONVERSION

40. Plaintiff DIRECTV repeats and realleges the allegations in Paragraphs 1 through 39 as if set forth fully herein.

41. By importing, possessing and using Pirate Access Devices, defendants have unlawfully converted to their own use and benefit property belonging to DIRECTV.

42. Such conversion was done intentionally and wrongfully by defendants to deprive DIRECTV of its proprietary interests and for defendants' direct benefit and advantage.

43. As a direct and proximate result of defendants' unlawful acts, DIRECTV has suffered and continues to suffer damages, including lost subscription and pay-per-view revenues and other valuable consideration.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DIRECTV requests that this Court grant the following relief:

(1) Find the defendants' conduct in importing, possessing and/or using Pirate Access Devices violates 47 U.S.C. § 605(a), 18 U.S.C. §§ 2511(1)(a) and 2512(1)(b), and RCW 9A.56.220, and Washington common law, and further find that defendants' violations were willful, malicious or for a tortious or illegal purpose;

COMPLAINT FOR COMPENSATORY, STATUTORY
AND OTHER DAMAGES, AND FOR INJUNCTIVE
RELIEF – Page 12

YARMUTH WILSDON CALFO PLLC
3080 WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE WASHINGTON 98101-3000
T 206 516 3800  F 206 516 3888

(2) In accordance with 47 U.S.C. § 605(e)(3)(B)(i), 18 U.S.C. § 2520(b)(1) and RCW 9A.56.250(4), enjoin and restrain defendants, and persons controlled directly and indirectly by defendants, from importing, possessing, or using Pirate Access Devices, and further order defendants to surrender all Pirate Access Devices;

(3) In the event of a default, in accordance with 18 U.S.C. § 2520(c)(2)(B), 18 U.S.C. § 2511, an award of statutory damages of $10,000 for each violation of 18 U.S.C. § 2511(a)(2) alleged herein, and a further award of DIRECTV's reasonable attorneys' fees and costs in the amount of $850;

(4) In the event of trial, an award of either (a) statutory damages in accordance with 47 U.S.C. § 605(e)(3)(C)(i)(II), 18 U.S.C. § 2520(c)(2), and RCW 9A.56.250(2) or (b) compensatory and punitive damages in accordance with 605(e)(3)(C)(i)(I), 18 U.S.C. § 2520(c)(2), RCW 9A.56.250(3) and Washington common law; and DIRECTV's reasonable attorneys' fees and costs in accordance with 47 U.S.C. § 605(e)(3)(B)(iii), 18 U.S.C. § 2520(b)(3) and RCW 9A.56.250(2);

(5) For such additional relief as the Court deems just and equitable.

Dated: December 13, 2002.

YARMUTH WILSDON CALFO PLLC

By: _____
Scott T. Wilsdon, WSBA #20608
Spencer D. Freeman, WSBA #25069
Attorneys for Plaintiff DIRECTV, Inc.

COMPLAINT FOR COMPENSATORY, STATUTORY
AND OTHER DAMAGES, AND FOR INJUNCTIVE
RELIEF – Page 13

YARMUTH WILSDON CALFO PLLC
3080 WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE WASHINGTON 98101-3000
T 206 516 3800  F 206 516 3888

ck272601 12/5/02